

SLIP OPINION

Cite as 2017 Ark. App. 474

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CR–16–941

**Opinion Delivered:** September 20, 2017

JOSEPH THOMAS LACEFIELD

APPELLANT

V.

STATE OF ARKANSAS

APPELLEE

APPEAL FROM THE BENTON COUNTY CIRCUIT COURT [NOS. 04CR-14-821, 04CR-14-1460, 04CR-15-69]

HONORABLE ROBIN F. GREEN, JUDGE

REBRIEFING ORDERED

**WAYMOND M. BROWN, Judge**

A Benton County jury found appellant Joseph Thomas Lacefield guilty of two counts of robbery and one count of aggravated robbery. He was sentenced to an aggregate term of thirty years' imprisonment. He argues on appeal that (1) the trial court erred by allowing gloves and testimony about the gloves into evidence, (2) the trial court erred by allowing two notes into evidence, and (3) the evidence was insufficient to support his convictions. We do not reach the merits of Lacefield's arguments due to deficiencies in his abstract, addendum, and brief.

Arkansas Supreme Court and Court of Appeals Rule 4–2(a)(5)(A)[1] provides that all material parts of a transcript must be abstracted. "Information in a transcript is material if the information is essential for the appellate court to confirm its jurisdiction, to understand

---

[1] (2016).

the case, and to decide the issues on appeal."[2]    Here, Lacefield has failed to abstract all the

material portions of his trial.  Rather, he has identified those portions of the evidence in

which he complains and has omitted the full context in which that evidence was received.

We cannot review this case without a brief that outlines all the evidence considered by the

jury and court, including evidence adverse to Lacefield.  Although Lacefield argues as a

point on appeal that the evidence was insufficient to support his convictions, he has failed

to include an abstract of the evidence, as well as any indication that he renewed his directed-

verdict motion in a timely manner.    He has also skipped numerous transcript pages in his

abstract without indicating whether they were necessary to the issues on appeal.

The "question-and-answer format" is prohibited in the abstract unless in "the

extraordinary situations where a short exchange cannot be converted to a first-person

narrative without losing important meaning."[3]  Here, Lacefield has used the prohibited

format while abstracting the cross-examination of witnesses.  However, it is clear that the

testimony can be converted to first person without losing any important meaning.

An appellant's brief must include an addendum consisting of all documents essential

to this court's resolution of the issues on appeal, including exhibits and notices of appeal.[4]

Here, appellant has failed to include a file-marked copy of his notice of appeal in the

addendum.  Without this document, this court is unable to confirm its jurisdiction.

Additionally, since appellant is challenging the sufficiency of the evidence, he needs to

---

[2]*Id.*

[3]Ark. Sup. Ct. R. 4–2(a)(5)(B).

[4]Ark. Sup. Ct. R. 4–2(a)(8).

include all exhibits that were introduced to support the charges for which he was convicted, including the surveillance videos and pictures.

Due to the numerous deficiencies in Lacefield's abstract, addendum, and brief, we order him to file a substituted brief that complies with our rules.[5]  The substituted abstract, addendum, and brief shall be due fifteen days from the date of this opinion.[6]  We remind counsel that the examples we have noted are not to be taken as an exhaustive list of deficiencies.  Counsel should carefully review the rules to ensure that no other deficiencies exist.

Rebriefing ordered.

GRUBER, C.J., and WHITEAKER, J., agree.

*David Hogue*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Valerie Glover Fortner*, Ass't Att'y Gen., for appellee.

---

[5]Ark. Sup. Ct. R. 4–2(b)(3).

[6]*Id.*